IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|                      |   |                       |
|----------------------|---|-----------------------|
| **KATIE J. FARRIS,** | ) |                       |
|                      | ) |                       |
| Plaintiff,           | ) |                       |
|                      | ) |                       |
| vs.                  | ) | Civil No. <u>07-2488-P</u> |
|                      | ) |                       |
| **CITY OF MEMPHIS,** | ) |                       |
|                      | ) |                       |
| Defendant.           | ) |                       |
|                      | ) |                       |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

Before the court is defendant City of Memphis' Motion to Dismiss for Failure to Prosecute (D.E. 22). For the reasons below, the motion is denied.

Plaintiff filed the present action *pro se* against the City on October 17, 2007. A scheduling conference was set by the court for January 8, 2008. Although plaintiff failed to appear, the City learned at that time that she had retained Javier Bailey as counsel. The scheduling conference was eventually held on April 15, 2008. At this conference, Mr. Bailey conceded that plaintiff's complaint filed *pro* se was vague and that the City could not reasonably prepare an answer, and he proposed to redraft the complaint to eliminate the need for the City to file a Rule 12(e) motion for more definite statement. The parties agreed to a schedule which included a due date for an amended complaint of

April 25, 2008 and a due date for the City's answer of May 5, 2008.

Plaintiff allowed the April 25 deadline to pass without filing an amended complaint. After the City was unable to reach Mr. Bailey by telephone, it filed a notice with the court of plaintiff's noncompliance with the scheduling order. The City again attempted unsuccessfully to reach Mr. Bailey by phone and on May 29, 2008, sent Mr. Bailey a letter expressing the City's intention to file a motion to dismiss for lack of prosecution. On June 30, 2008, after the City still had not heard back from Mr. Bailey as to the amended complaint in this case, the City filed the present motion to dismiss for failure to prosecute.

On July 8, 2008, plaintiff filed her amended complaint, but did not file a response to the motion to dismiss. As a result, on August 6, 2008, the court entered an Order to Show Cause, in which the court stated that plaintiff had not filed a response to the motion, directed Farris to show cause why her case should not be dismissed for failure to prosecute, and warned her that failure to comply with the show cause order could result in dismissal of the complaint with prejudice for failure to prosecute. On August 15, 2008, Farris filed a document stating that "it was plaintiff's full intent to respond to the outstanding motion to dismiss on August 20, 2008. In order to prepare a substantive response it was necessary for plaintiff's counsel to consult with Plaintiff again in order to address some of the assertions that the Defendant City of Memphis set forth in its motion. Counsel just completed a three-week trial and was unable to meet with the Plaintiff until

August 11, 2008." Farris did not, however, file a response to the motion to dismiss.

On September 5, 2008, the court entered a Second Order to Show Cause, and again warned Farris that failure to comply with the show cause order could result in dismissal of the complaint with prejudice for failure to prosecute. In addition, on September 11, 2008, the court held a telephonic status conference with all of the parties. At the conference, Mr. Bailey stated that he had a response to the motion to dismiss prepared and ready to file. However, despite assuring the court that the response would be filed promptly, Farris did not file a response to the motion to dismiss. On September 19, 2008, the court entered a third order to show cause. Finally, on September 22, 2008, plaintiff filed her response, which simply stated that "the Plaintiff was under the impression that said motion had been ruled upon."

Fed. R. Civ. P. 41(b) provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant." In assessing whether to grant a motion to dismiss for failure to prosecute, the court must weigh competing concerns. Little v. Yeutter, 984 F.2d 160, 162 (6th Cir. 1993). "On the one hand, there is the need to manage its docket, the public interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims." Id. "On the other hand is the policy which favors disposition of cases on their merits." Id.

Although the court is certainly concerned with the circumstances surrounding plaintiff's failure to timely comply with the scheduling order, to respond to the motion to dismiss, and to respond to the court's numerous show cause orders, the court finds that these concerns do not warrant the extreme sanction of dismissal at this time.  Although the violations have caused some delay in the progress of this case, the City has not been prejudiced by these delays to the extent that the sanction of dismissal would be justified.  However, Farris and her counsel are warned (again) that failure to comply with the court's orders, including the scheduling order, or failure to cooperate in discovery could result in dismissal of the complaint with prejudice.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

September 23, 2008
Date